07-5023-pr
Washington v. Graham

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                           Chief Judge,
               PETER W. HALL,
                           Circuit Judge,
               J. GARVAN MURTHA,
                           District Judge.*

- - - - - - - - - - - - - - - - - - - - -X
JONNY WASHINGTON,
        Petitioner-Appellant,

        -v.-                                        07-5023-pr

HAROLD D. GRAHAM, Superintendent,
        Respondent-Appellee.

---

* J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

1

- - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**     MONICA R. JACOBSON, New York, New York.

**APPEARING FOR APPELLEES:**     ASHLYN DANNELLY (Andrew Cuomo, Barbara D. Underwood, Roseann B. MacKechnie, and Ashlyn Dannelly, <u>on the brief</u>), Office of the Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jonny Washington petitions this Court for a writ of habeas corpus on the ground that his sentence in a New York State Supreme Court violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Washington was sentenced under New York's persistent violent felony offender statute. <u>See</u> N.Y. Penal Law § 70.08(1)(a). That statute provides for an enhanced sentence if the defendant was convicted of two or more prior violent felonies within ten years of the commission of the instant offense, though that ten-year period is tolled by any period of incarceration. <u>Id.</u> § 70.04(b)(iv), (v). Only the court--not a jury--can determine whether the requirements for an enhanced sentence are met. N.Y. Crim. Proc. Law §§ 400.16(2), 400.15(7)(a).

Washington contends that this regime violates <u>Apprendi</u>, which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. But <u>Apprendi</u> exempts from this requirement "the fact of a prior conviction." <u>Id.</u> The question presented by the petitioner is whether <u>Apprendi</u>'s prior conviction exception permits a sentencing court to conduct the tolling analysis required by the statute.

2

We need not decide that question. We can grant habeas relief only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Applying that standard, we must deny relief. Cf. United States v. Santiago, 268 F.3d 151, 153, 156 (2d Cir. 2001) (holding that a district court's finding that prior convictions occurred on separate occasions falls within the prior conviction exception); id. at 156 (explaining that the prior conviction exception includes within its scope the "who, what, when, and where" of a prior conviction); see also United States v. Fagans, 406 F.3d 138, 141-42 (2d Cir. 2005).

Finding no merit in Washington's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By:

_____