[940 NE2d 913, 915 NYS2d 208]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BELL, Appellant.

Argued November 15, 2010; decided December 14, 2010

#### APPEARANCES OF COUNSEL

*Jamel Bell*, pro se, and *Center for Appellate Litigation*, New York City (*Peter Theis* and *Robert S. Dean* of counsel), for Jamel Bell, appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sheryl Feldman* and *Mary C. Farrington* of counsel), for respondent.

#### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant challenges his adjudication as a persistent violent felony offender (Penal Law § 70.08), contending that the procedure called for by CPL 400.15 and 400.16 deprives him of his

constitutional right to trial by jury. Defendant's argument is barred by *Almendarez-Torres v United States* (523 US 224 [1998]), which permits sentencing proceedings in which the fact of previous criminal convictions is found by a court sitting without a jury. Though several of our recent cases rely on *Almendarez-Torres*'s holding (*see People v Quinones*, 12 NY3d 116 [2009]; *People v Rivera*, 5 NY3d 61 [2005]; *People v Rosen*, 96 NY2d 329 [2001]), defendant now invites us to reject it, and to hold that the New York State Constitution requires all facts that may enhance a defendant's sentence, including the fact of a prior conviction, to be found by a jury. Defendant would thus have us go beyond the United States Supreme Court's ruling in *Apprendi v New Jersey* (530 US 466 [2000]) and later decisions applying *Apprendi*.

We decline defendant's invitation. We see no reason to hold that the right of trial by jury under article I, § 2 of our Constitution is broader in this respect than the jury trial right protected by the Sixth Amendment to the Constitution of the United States.

Defendant's claim in his pro se brief that he was deprived of his right to a speedy trial is unpreserved. His remaining contentions are without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.