People v Ross (2018 NY Slip Op 02965)





People v Ross


2018 NY Slip Op 02965


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


411 KA 13-01431

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL ROSS, ALSO KNOWN AS MICHAEL L. ROSS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered June 14, 2013. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, strangulation in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), strangulation in the second degree
(§ 121.12) and assault in the second degree (§ 120.05 [12]). The conviction arises out of defendant's assault of the victim, then 96 years old, at her home. Defendant was acquainted with the victim because she had cared for him and his siblings in the late 1960s and early 1970s, when defendant was a child.
We reject defendant's contention that County Court denied him the right to present a defense when it limited discovery of confidential records concerning the victim's alleged abuse of other children in her care. "[T]hough access must be afforded to otherwise confidential data relevant and material to the determination of guilt or innocence," the records sought here were relevant only for impeachment of the victim's general credibility (People v Gissendanner, 48 NY2d 543, 548 [1979]). Under the circumstances of this case, we conclude that the court's ruling on defendant's discovery request was a proper exercise of its discretion (see id.). Contrary to defendant's further contention, we conclude that the court properly exercised its discretion in limiting defendant's cross-examination of the victim concerning her alleged abuse of other children in her care to such incidents where defendant could establish, as a foundation, that he was aware of the alleged abuse. We agree with the court that, absent such a foundation, inquiry into the victim's abuse of other children was irrelevant to defendant's guilt or innocence and was relevant only for the purpose of impeaching the victim's credibility (see People v Ragland, 240 AD2d 598, 598 [2d Dept 1997], lv denied 91 NY2d 929 [1998]).
The court also properly exercised its discretion in granting the People's request to conduct a conditional examination of the victim (see CPL 660.50 [1]). Based upon the testimony of the victim's physician at the hearing conducted pursuant to CPL 670.20 (1), moreover, the court properly determined that the victim was unavailable to testify at trial due to "illness and incapacity" and that the victim's conditional examination testimony could therefore be admitted in evidence at trial (CPL 670.10 [1]; see generally People v DeJesus, 110 AD3d 1480, 1481 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]).
Finally, we reject defendant's contentions that the persistent violent felony offender statute is unconstitutional (see People v Bell, 15 NY3d 935, 936 [2010], cert denied 563 US 979 [*2][2011]), and that his sentence is unduly harsh and severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court