IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>    v.<br><br>NICHOLAS WINDSOR ANDERSON,<br><br>               Appellant. | No. 84550-1-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

COBURN, J. — Nicholas Windsor Anderson was convicted of vehicular homicide and the trial court imposed a two-year sentence enhancement based on a judge's determination that Anderson's previous reckless driving conviction was amended from a charge of driving under the influence (DUI). On his first appeal, this court found that the enhancement required a jury finding and remanded to the trial court to empanel a jury for fact-finding on that issue. State v. Anderson, 9 Wn. App. 2d 430, 447 P.3d 176 (2019) (Anderson I). Following the State's appeal of that decision, the Supreme Court remanded back to this court, which again ordered the trial court to empanel a jury for fact-finding on the sentence enhancement alone. State v. Anderson, No. 76672-4-I, slip op. at *3-4 (Wash. Ct. App. June 8, 2020) (unpublished) (Anderson II), https://www.courts.wa.gov/opinions/pdf/766724.pdf.

After Anderson waived jury on remand, the trial court held a bench trial and issued the same sentence as the one imposed at Anderson's original trial. This second

appeal followed. Both Anderson and the State argue on appeal, though on different bases, that the Anderson II court should never have remanded for jury fact-finding to support a sentence enhancement. Both parties are correct in that the trial court had no statutory authority to empanel a fact-finding jury for resentencing under RCW 9.94A.533(7) and that a judge can determine whether a prior conviction for Reckless Driving was procedurally amended from a charge of Driving Under the Influence (DUI) because that is not an inquiry as to the facts underlying the charge. But, this is not an appeal of Anderson II and in the end, a judge, not a jury, properly decided the question on remand. Anderson also challenges the sufficiency of the State's evidence that established Anderson had the prior conviction; and imposition of a Victim Penalty Assessment (VPA) and restitution interest. We remand to strike the VPA and reconsider restitution interest, but otherwise affirm.

FACTS

This is the second appeal following Anderson's conviction for four counts of vehicular homicide and one count each of vehicular assault and reckless driving following a jury trial in 2017. The background facts are set forth in the first appeal, Anderson I, 9 Wn. App. 2d 430, and will be repeated here only as necessary. Anderson drove intoxicated, causing an accident resulting in the deaths of four passengers and serious lasting injuries to a fifth. Id. at 436-37.

> The sentencing court imposed concurrent sentences of 280 months for each of the four vehicular homicide convictions. It also imposed two 24-month enhancements to run consecutively to each of the vehicular homicide convictions and to each other (192 months total) because Anderson had two prior convictions for driving under the influence (DUI) and reckless driving. And it imposed 120 months for the vehicular assault conviction and 364 days for the reckless driving conviction to run consecutively to the vehicular homicide convictions and the

enhancements. The court sentenced Anderson to a total of 592 months in prison and 364 days in jail. It waived all nonmandatory legal financial obligations (LFOs) and imposed a $100 DNA fee.

Id. at 437-38. The court also ordered Anderson to pay $97,996.48 in restitution and imposed interest under RCW 10.82.090. At sentencing, the court enhanced the term of imprisonment for vehicular homicide under RCW 9.94A.533(7) because the court determined Anderson had a prior reckless driving conviction that was originally charged as a DUI as defined by RCW 46.61.5055.

Anderson appealed to this court arguing that the trial court violated his Sixth Amendment right to a jury trial under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) in imposing a sentence enhancement without special jury findings supporting it. Anderson I, 9 Wn. App. 2d at 447. This court agreed with Anderson. Id. at 447-48. The Anderson I court ordered remand for the superior court to strike the DNA fee and to empanel a jury to decide whether Anderson's prior reckless driving conviction qualifies as a "prior offense" for purposes of enhancing his term of imprisonment for vehicular homicide. Id. at 462. A majority of the court, in a concurrence, also held that the State had to prove to a jury that drugs or alcohol were involved in the prior offense in order to satisfy due process. Id. at 463 (dissenting opinion of Chun, J.).

The State petitioned for review. The Washington State Supreme Court granted discretionary review but remanded to this court for reconsideration in light of State v. Wu, 194 Wn.2d 880, 453 P.3d 975 (2019), which was decided after this court published Anderson I. The Supreme Court in Wu held, regarding a conviction for felony DUI

based on prior offenses, that (1) because the prior conviction raised the level of crime from a misdemeanor to a felony based on the defendant's prior criminal conviction, it is an element that must be proved to the jury beyond a reasonable doubt; and (2) the involvement of alcohol or drugs in the prior conviction was not an essential element. Wu, 194 Wn.2d at 889-90.

On remand, this court reversed the part of Anderson I that required a jury on remand to find the reckless driving conviction involved alcohol or drugs and again remanded to the superior court to empanel a jury to strike the DNA fee and decide whether Anderson's prior reckless driving conviction qualifies as a "prior offense" for enhancement purposes. State v. Anderson (Anderson II), No. 76672-4-I, slip op. at 3 (Wash. Ct. June 8, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/766724.pdf.

The State moved for this court to reconsider, arguing that the fact of the prior conviction was a "recidivist fact" that fell under an exception to Apprendi and did not require a jury finding before a sentence enhancement could be imposed. Anderson opposed the motion, advocating instead for this court to maintain its holding and remand the case to superior court for trial solely on the questions of fact underlying the sentence enhancement. This court denied the State's motion. The State then petitioned for review by the Washington Supreme Court on the same grounds. The supreme court denied the petition.

On remand from Anderson II, the parties returned to superior court for trial on the sole question of whether Anderson had a prior reckless driving conviction that was amended from DUI. Anderson waived his right to a jury trial and a bench trial

4

proceeded before a judge that was not the same judge who presided over the original trial. The State presented no witnesses and admitted four certified copies of documents containing information regarding a 2005 conviction of "Nicholas Anderson"[1] for reckless driving, as amended from the original charge of DUI. The trial court found that "yes, [Anderson] was originally charged under this cause number with driving under the influence and ultimately was convicted on the amended charge of reckless driving."

The court issued a "confirmation of judgment and sentence post-remand" maintaining the original sentence imposed other than the imposition of the DNA fee.

Anderson appeals.

## DISCUSSION

### Review

Both the State and Anderson argue, for different reasons, that it was improper for this court to remand to the trial court to empanel a jury to determine if Anderson had a prior reckless driving conviction that was amended from a DUI. Anderson argues that the trial court had no statutory authority to empanel a jury and hold a new trial on the issue of whether his prior reckless driving conviction had been originally charged as a DUI. The State argues that the issue is in the province of the trial court and did not require a jury finding because it is a fact pertaining to a prior conviction.

The State argues that because Anderson raises the issue of the lack of legislative authority for the first time on appeal that issue is waived. Generally, we will

---

[1] The complaint names the defendant as "Nicholas Anderson." The statement of defendant on plea of guilty states, "My true name is Nicholas Anderson." The signature appears to include a "W" as a middle initial. The order of judgment and sentence identifies the defendant as "Anderson, Nicholas." What appears to be docket entries identify the case title as "City of Woodinville vs. Anderson, Nicholas Windsor."

not consider issues raised for the first time on appeal. RAP 2.5(a). Parties are permitted to raise issues for the first time on appeal under certain exceptions to this rule where the claimed error is (1) lack of trial court jurisdiction; (2) failure to establish facts upon which relief can be granted; or (3) manifest error affecting a constitutional right. RAP 2.5(a). A party demonstrates manifest constitutional error by showing that the issue before this court affects that party's constitutional rights and that he suffered actual prejudice. State v. Guevara Diaz, 11 Wn. App. 2d 843, 851, 456 P.3d 869 (2020) (citing State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001)). To show actual prejudice, the party must make a "'plausible showing . . . that the asserted error had practical and identifiable consequences in the trial of the case.'" Id. (quoting State v. WWJ Corp., 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)).

Anderson does not attempt to argue how an exception to RAP 2.5(a) applies. The trial court's ability to empanel a jury on remand to consider aggravating circumstances is grounded in statute. RCW 9.94A.537(4). It is the legislature that holds the power to sculpt sentencing practices. State v. Pillatos, 159 Wn.2d 459, 474, 150 P.3d 1130 (2007). Whether the trial court had the authority to empanel a jury for consideration of sentence enhancements is a statutory question, not a constitutional question.

This exception typically would not allow this court to review Anderson's claim. However, under RAP 1.2(c), the panel generally may waive or alter any rule of appellate procedure "to serve the ends of justice." Moreover, "[i]n a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not

prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue." State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995).

Because both Anderson and the State have requested that this court review the trial court's authority to remand the issue of sentencing enhancement to a jury, we will waive the rule under the authority provided by RAP 1.2(c) and consider the merits of the issue raised by the parties.

<u>Jury Determination</u>

Anderson argues that a trial court has no statutory authority to empanel a jury for a trial on sentencing enhancements under RCW 9.94A.533(7). The State argues that because the sentence enhancement required only the fact of a prior conviction, it does not require a jury determination. Both are correct.

*A. Statutory Authority*

RCW 9.94A.535(3) provides "an exclusive list of factors that can support a sentence above the standard range." The legislature provides courts the authority to empanel juries to find facts supporting aggravating circumstances.

> In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in *RCW 9.94A.535(3)*, that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.

RCW 9.94A.537(2) (emphasis added). However, the enhancement at issue in this appeal was not imposed under the authority of RCW 9.94A.535(3), but under RCW 9.94A.533(7). The legislature made no such provision to allow for a jury to find facts supporting an enhancement on remand under this provision, despite the fact that it did

7

so for the aggravating factors outlined in RCW 9.94A.535(3).  See State v. Hughes, 154 Wn.2d 118, 149, 110 P.3d 192 (2005) (rejecting remand for a jury determination at resentencing on aggravating factors because the legislature had not created an avenue that would allow "juries to be convened for the purpose of deciding aggravating factors either after conviction or on remand after an appeal").  The Washington Supreme Court in Hughes specifically declined to itself create such a procedure because "the fixing of legal punishments for criminal offenses is a legislative function" and that it is not a function of the "judiciary to alter the sentencing process."  Id. (citing State v. Ammons, 105 Wn.2d 175, 180, 713 P.2d 719 (1986)); State v. Monday, 85 Wn.2d 906, 909-10, 540 P.2d 416 (1975).  Hughes was published prior to the legislature amending RCW 9.94A.537 to its current form.  See LAWS OF 2007, ch. 205, § 1.  But the reasoning in Hughes otherwise continues to apply to other circumstances such as sentencing enhancements under RCW 9.94A.533(7).

Thus, the plain language of the statue does not provide a procedure to empanel a jury to consider sentence enhancements on remand.  The trial court did not have authority to empanel a jury for the purpose of deciding a sentencing enhancement under RCW 9.94A.533(7).

*B. Fact of a Prior Conviction*

The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" in order to comply with the Sixth Amendment right to a jury trial.  Apprendi, 530 U.S. at 490.  It further explained that the statutory maximum is the maximum sentence a

judge may impose without any additional findings. <u>Blakely</u>, 542 U.S. at 303-04. In other words, in order to impose a sentence enhancement or aggravating factor that would increase the penalty faced by the defendant beyond the statutory maximum, any facts supporting such an increase in penalty need to be proved to a jury beyond a reasonable doubt.

In interpreting <u>Apprendi</u> and <u>Blakely</u>, the Washington Supreme Court has held that the exception to the jury requirement under <u>Apprendi</u> applies "*only* for prior convictions" and that where an enhancement requires findings of "new factual determinations and conclusions" beyond "mere criminal history," those findings are required to be made by a jury. <u>Hughes</u>, 154 Wn.2d at 141-42.

However, the Washington Supreme Court has recognized that where a sentence is increased because of prior convictions, as provided by <u>Apprendi</u>, the fact of those prior convictions need not be found by a jury. <u>State v. Wheeler</u>, 145 Wn.2d 116, 123-24 P.3d 790 (2001). In <u>Wheeler</u>, two defendants challenged the trial court's use of two prior convictions to prove the defendants' status as "persistent offenders" under the Persistent Offender Accountability Act of chapter 9.94A RCW. 145 Wn.2d at 117. The defendants argued that under <u>Apprendi</u>, the existence of those prior convictions was required to be proved beyond a reasonable doubt to a jury before the sentence enhancement could be imposed. <u>Wheeler</u>, 145 Wn.2d at 119. The Supreme Court disagreed, noting that while the State is required to prove every element of an offense beyond a reasonable doubt, "traditional factors considered by a judge in determining the appropriate sentence, such as prior criminal history, are not elements of the crime." <u>Id.</u> at 120. "All that is required by the constitution and the statute is a sentencing hearing

where the trial judge decides by a preponderance of the evidence whether the prior convictions exist." Wheeler, 145 Wn.2d at 121 (citing State v. Thorne, 129 Wn.2d 736, 782, 921 P.2d 514 (1996), abrogated on other grounds by State v. Reynolds, 2 Wn.3d 195, 209-10, 535 P.3d 427 (2023)).

The Wheeler court explained that federal cases had redefined some sentence enhancements as elements of a crime that must be proved beyond a reasonable doubt, such as "serious bodily injury" and "death resulting." 145 Wn.2d at 121-22 (citing Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)). It also noted that the hate crime sentence enhancement at issue in Apprendi required that the sentencing judge find that the "defendant acted with certain prohibited motivations" in order to impose the enhancement. Wheeler, 145 Wn.2d at 122. None of those circumstances apply here.

In the instant case, the sentencing enhancement at issue is not based on existing facts of the current case or even underlying facts of the prior conviction, but on the existence of a prior offense. RCW 9.94A.533(7) provides

> An additional two years shall be added to the standard sentence range for vehicular homicide committed while under the influence of intoxicating liquor or any drug as defined by RCW 46.61.502 for each prior offense as defined in RCW 46.61.5055.

Under RCW 46.61.5055, "prior offense" is one in which a defendant was initially charged with DUI, but ultimately convicted of reckless driving. RCW 46.61.5055(14)(a)(v). The existence of a prior offense is analogous to the prior conviction considered by the court in Wheeler. RCW 9.94A.533(7) and RCW 46.61.5055 provide a definition of a prior offense that qualifies for the sentence enhancement, it does not require a finding regarding the underlying facts of the instant

case, such as a finding of serious bodily injury, death resulting, or motivations behind the crime that would require a jury finding. We conclude that a jury finding was not required to impose the sentence enhancement under RCW 9.94A.533(7) because the prior offense is essentially the same as a prior conviction and both the Washington and United States Supreme Courts have held that it need not be proved beyond a reasonable doubt to a jury in order to impose the enhancement.

In a statement of additional authorities, Anderson cites to the recent Supreme Court of the United States opinion, Erlinger v. United States, No. 23-270 (June 21, 2024), https://www.supremecourt.gov/opinions/23pdf/23-370_8n59.pdf. Erlinger pled guilty to possession of a firearm in violation of 18 U.S.C. § 922(g) and faced a sentence up to 10 years in prison. Id. at 1. However, the government charged Erlinger under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which increased his prison term to a minimum of 15 years and to a maximum of life if he had three prior convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another." Id. at 1-2. At a resentencing hearing,[2] the government based its request for a 15-year sentence based on decades-old burglaries that spanned multiple days. Id. at 3. Erlinger maintained the burglaries had not occurred on four separate occasions but during a single criminal episode. Id. The district court, rejecting Erlinger's request for a jury determination, found the burglaries occurred on distinct occasions. Id. The United States Supreme Court reversed and held that whether the past offenses occurred on three or more different occasions is a fact-laden task to be

---

[2] The district court vacated Erlinger's previous sentence because the Seventh Circuit issued decisions indicating that two of three prior offenses the government relied on to support a 15-year sentence did not qualify under the ACCA. Id. at 2.

determined by a jury. Id. at 10.

Notably, the Court held that "[w]hile recognizing Mr. Erlinger was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, we decide no more than that." Id. at 11. Although the Court criticized its previous holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) (permitting a judge to find the fact of a prior conviction), it recognized that "no one in this case has asked us to revisit Almendarez-Torres." Erlinger, 601 U.S. at 14.

The "Court's opinion in Almendarez-Torres resolves the question of whether a judge may decide if the defendant committed his prior violent offenses on different occasions." In that case, the Court squarely held that either a judge or a jury may apply sentence enhancements based on 'recidivism.'" Id. at 4 (dissenting opinion of J. Kavanaugh) (citing Almendarez-Torres, 523 U.S. at 247). The Alamendarez-Torres court recognized that federal and state governments have long taken different approaches to applying recidivism sentencing enhancements (some provide a jury trial while others assign recidivism enhancements to the sentencing judge) and concluded that the choice between those methods was left to the legislature, not governed by "a federal constitutional guarantee." Id. (citing Almendarez-Torres, 523 U.S. at 246-47).

Erlinger's holding is limited to resolving ACCA's occasions inquiry and does not overrule our state's well-established precedent in Wheeler, 145 Wn.2d. We are not persuaded that a determination as to whether a reckless driving conviction was procedurally amended from a charge of DUI is analogous to an inquiry of the underlying facts of the prior conviction as held in Erlinger.

12

We agree with the State that <u>Wu</u>, 194 Wn.2d 880, does not suggest that the sentence enhancement imposed on Anderson required a jury determination regarding qualifying prior offenses. In <u>Wu</u>, the Washington Supreme Court held that because an element of the crime of felony DUI in that case is the existence of a prior offense, the jury is required to find those prior offenses beyond a reasonable doubt. <u>Id.</u> at 893. <u>Wu</u> did not address sentence enhancements based on a prior offense and is inapposite here.

We conclude that the courts in <u>Anderson</u> I and <u>Anderson</u> II improperly remanded for the trial court to empanel a fact-finding jury because (1) the issue of a prior offense is a determination of the fact of a prior conviction, which may be found by the trial court and does not require a jury finding; and (2) the trial court had no statutory authority to empanel a jury under RCW 9.94A.533(7). However, this is not an appeal of <u>Anderson</u> II, it is an appeal of the sentence imposed after remand. We affirm that sentence.

<u>Sufficiency</u>

Despite having remanded to the trial court for a jury determination as to whether Anderson's reckless driving conviction was amended from a DUI, Anderson waived what was understood at the time to be his right to a fact-finding jury. Nonetheless, Anderson challenges the sufficiency of the evidence presented at the sentencing hearing. Anderson argues that there was no evidence that allowed the trier of fact to reach the conclusion that the documents admitted as evidence of his prior convictions proved beyond a reasonable doubt that the Anderson at the defense table was the Anderson referred to in the documents because the only connection was the name.

In order to impose the sentence enhancement under RCW 9.94A.533(7), the State was required to show that Anderson had a prior conviction of reckless driving that had originally been charged as a DUI. The best evidence of a prior conviction is a certified copy of a judgment and sentence. State v. Goggin, 185 Wn. App. 59, 70, 339 P.3d 983 (2014) (citing State v. Santos, 163 Wn. App. 780, 784, 260 P.3d 982 (2011)).

In criminal trials, the State generally has the burden of establishing, beyond a reasonable doubt, the identity of the accused as the person who committed the offense. State v. Huber, 129 Wn. App. 499, 501, 119 P.3d 388 (2005). However, we hold here that a fact-finder's determination beyond a reasonable doubt was not required to find the existence of prior offenses required for the sentence enhancement. As a result, the trial court was only required to find the prior offenses by a preponderance of the evidence. Wheeler, 145 Wn.2d at 121.

To support this enhancement, the State admitted four certified documents related to a 2005 conviction of "Nicholas Anderson" for reckless driving. The State provided no other evidence and introduced no witnesses. The documents show that the defendant in that case was originally charged with DUI, which was subsequently amended to reckless driving prior to a plea of guilty. Anderson presented no rebuttal evidence, but argued in closing that the State's evidence was insufficient.

In State v. Ammons, a group of appellants challenged the State's use of certified copies of prior convictions to support sentence enhancements, arguing that the State was required to make "some showing that the defendant before the court for sentencing and the person named in the prior conviction are the same person." 105 Wn.2d at 190. The Ammons court held, under a preponderance of the evidence standard, "the identity

14

of names is sufficient proof" to support the sentence enhancement, but a defendant could rebut that evidence with a "declaration under oath that he is not the same person named in the prior conviction." Id. at 190. Should the defendant submit such an oath, the State is required to prove the identity of the defendant by independent evidence. Id.

Here, as in Ammons, Anderson did not argue that he was not the same person as the one named in the prior offenses, but argued that the State had not met its burden to prove identity. Anderson presented no evidence asserting that he was not the person named in the certified copies of prior convictions used to prove the prior offenses for the purpose of the sentence enhancement.

We conclude that the State's use of certified copies of Anderson's prior convictions was sufficient evidence to support the sentence enhancement under the applicable preponderance of the evidence standard.

### Restitution Interest

Anderson next argues that the trial court erred in imposing restitution interest on him in his judgment and sentence because he is an indigent defendant.

The State argues that restitution interest is not a "cost" under the holding of Ramirez. This court has previously found that "restitution interest is analogous to costs for purposes of applying the rule that new statutory mandates apply in cases . . . that are on direct appeal" because "[l]ike the costs imposed in Ramirez, restitution interest is a financial obligation imposed on a criminal defendant as a result of a conviction." State v. Reed, 28 Wn. App. 2d 779, 782, 538 P.3d 946 (2023).

Restitution interest was imposed on Anderson in the judgment and sentence entered in 2017. While Anderson's appeal was pending, the legislature amended RCW

10.82.090, authorizing the superior court to elect not to impose interest on any court-ordered restitution based on factors such as indigency. LAWS OF 2022, ch. 260, § 12; RCW 10.82.090(2). Relying on State v. Ramirez, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018), Division Two of this court determined that this amendment applies to cases on direct appeal at the time it came into effect. State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (citing Ramirez, 191 Wn.2d at 748-49).

As in Reed, Anderson is indigent and his case was pending on direct appeal when the amendment to RCW 10.82.090 went into effect. Accordingly, we remand for the trial court to consider the application of the amendment and exercise its discretion.

## VPA

Anderson also challenges the imposition of the VPA because he is an indigent defendant. The State does not object to the striking of the VPA.

Under RCW 7.68.035(4), enacted in July 2023, trial courts are required to waive the VPA if the defendant is indigent as defined in RCW 10.01.160(3). This court has applied this waiver to cases pending direct appeal at the time the law went into effect. See Ellis, 27 Wn. App. 2d at 16-17 (citing Ramirez, 191 Wn.2d at 748-49).

We remand to the trial court to strike the VPA.

## Statement of Additional Grounds

In a Statement of Additional Grounds, Anderson challenges the use of blood test evidence in his trial, arguing that his attorney provided ineffective assistance of counsel for failing to object to the evidence. Anderson also argues that he was not advised of his rights before the police responding to the scene of the vehicle accident obtained a blood sample, therefore the sample did not support probable cause for his arrest.

16

We cannot consider matters outside the record on a direct appeal.  State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) ("If a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition.").

## CONCLUSION

We remand to the trial court to strike the VPA and reconsider the order for restitution interest following amendments to RCW 10.82.090.  We otherwise affirm.

_____
Coburn, J.

WE CONCUR:

_____          _____
Bowman, J                                               Smith, C.J.