People v Vickers (2025 NY Slip Op 25157)

[*1]

People v Vickers

2025 NY Slip Op 25157

Decided on July 8, 2025

Supreme Court, Bronx County

Rosenblueth, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 8, 2025
Supreme Court, Bronx County

The People of the State of New York

against
Johnnie Vickers, Defendant.

Ind. No. 194/21

For Defendant: 
Jodi Morales, Esq.
888 Grand Concourse
Bronx, New York 10451
For People:
ADA Karl Miller
Bronx District Attorneys Office
198 East 161st St
Bronx, New York 10451

Jeffrey Rosenblueth, J.

BACKGROUND AND PROCEDURAL HISTORY
On April 19, 2024, following a jury trial in Bronx County, defendant was convicted of Manslaughter in First Degree under Penal Law section 125.20(1), a class "B" violent felony offense, for stabbing Adam Saunders to death on February 18, 2021. Defendant's NYS Division of Criminal Justice Services Fingerprint response record, (rap sheet) reveals that he was previously convicted of violent felony offenses in 1999 and 2003. Specifically, on April 19, 1999, defendant pled guilty to Robbery in the First Degree, a class "B" violent felony offense in Kings County and on October 20, 2003, defendant pled guilty to Robbery in the First Degree in Kings County.
On July 25, 2024, the trial judge in the instant matter,[FN1]
pursuant to New York Penal Law, (PL) 70.08, sentenced defendant as a persistent violent felony offender ('PVFO"), to an indeterminate term of imprisonment of 20 years to life imprisonment. Subsequently, on October 7, 2024, the trial court vacated its sentence and adjourned the matter for further consideration in light of the United States Supreme Court's decision in Erlinger v. United States, 602, U.S. 821 (2024). Erlinger held that a jury must determine beyond a reasonable doubt that a defendant's [*2]past offenses were committed on separate occasions for the purpose of a specific federal enhanced sentencing statute, id.
The issue presented for the Court is whether Erlinger is applicable to New York's persistent violent felony offender sentencing statute. Specifically, whether it is constitutionally permissible for the Court, rather than a jury, to determine whether the defendant can be adjudicated a persistent violent felony offender.
CONCLUSIONS OF LAW
New York Penal Law (PL) section 70.08, sets forth, in pertinent part that:
"A persistent violent felony offender is a person who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions as defined in paragraphs (b) of subdivision one of section 70.04 . . . ".
Penal Law section 70.04(1)(b) provides, in relevant part, that a predicate violent felony conviction is a violent felony offense . . . for which a sentence must have been imposed not more than ten years before the commission of the felony of which defendant presently stands convicted provided that " any period to time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (PL section 70.04[1][b][i],[iv] and [v]).
The procedure for determining whether a defendant is a persistent violent felony offender, is set forth in New York Criminal Procedure Law, (CPL), 400.16, which references several sections in CPL 400.15 that pertain to sentencing a defendant as a second violent felony offender. Notably, regarding the manner in which a hearing is to be conducted to determine whether a defendant is PVFO, CPL 400.15(7) mandates that "A hearing pursuant to this section must be before the court without a jury (emphasis added).
New York's Persistent Violent Felony Offender Statute Does Not Run Afoul of Erlinger v. U.S.
At the outset, it is essential to highlight the federal statute and factual issues that were involved in Erlinger's enhanced sentencing which, in this Court's view, have no bearing to New York's persistent violent felony offender sentencing statute. In Erlinger, the United States Supreme Court addressed the federal Armed Career Criminal Act (ACCA) which exposed a defendant to enhanced sentencing if the defendant had three prior convictions for certain offenses that were "committed on occasions different from one another", 18 U.S.C. section 924(e)(1). In Erlinger, the defendant's three prior crimes were a series of burglaries that he committed "within a span of days", (id at 821,826). Erlinger claimed that his crimes did not occur on separate distinct occasions but instead arose from a "single criminal episode" (id at 821,826). The Court stated that to determine whether they were separate crimes under the ACCA, it was necessary to conduct "an assessment of the facts surrounding those offenses including whether the three crimes were "similar or intertwined" in purpose and character and if they were "committed close in time" and in similar locations, (id at 826). The Court held that those factual issues regarding the ACCA's "occasions" inquiry which involved a determination of the defendant's intent and purpose had to be found by a jury, rather than a judge, beyond a [*3]reasonable doubt (id at 833,834,835).
Prior to Erlinger, the U. S. Supreme Court directly addressed the subject of a defendant's constitutional right to a jury trial with respect to enhanced sentencing in the seminal case of Apprendi v. New Jersey, 530 U.S. 466 [2000], which is prominently cited in Erlinger. In Apprendi, the Court struck down a New Jersey statute that permitted a judge to impose a higher level of punishment if it found, by a preponderance of the evidence, that a defendant's motivation or purpose in unlawfully possessing a weapon was to intimidate the victim based upon a racial bias. In doing so, the U.S. Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt", (id at 490, 120 S.Ct. 2348).[FN2]

As such, it logically flows that "Erlinger merely applied Apprendi to a specific type of fact related to prior convictions and did not establish a new constitutional rule. The underlying constitutional principle at play in Erlinger, and invoked by the defendant here, was established in 2000, when Apprendi was decided, and Erlinger did not cover any new ground. Indeed, the Court in Erlinger stated that: "[T]his case is as nearly on all fours with Apprendi . . . as any we might imagine", People v. Rivera, 221 NYS3d 894); [see also People v. Taylor, 86 Misc 3d 263: (the decision in Erlinger reiterated the Apprendi doctrine)].
Importantly, it is critical to recognize that in both Erlinger and Apprendi, the context in those cases dealt with factually analyzing the nature of a defendant's motivation and purpose in committing the underlying prior crimes- specifically, in Erlinger, whether the crimes were committed during one criminal episode or on different occasions ("a qualitative assessment about 'the character and relationship' of the offenses...[and] whether the [prior] crimes shared 'a common scheme or purpose", Erlinger at 841) and in Apprendi- whether the defendant committed the crime with racial bias.
Here, in contrast to the nuanced assessments that were required in applying the federal statutes in Erlinger and Apprendi, no such analysis is needed with respect to New York's persistent violent felony offender statute. As described above, Erlinger and Apprendi, both required a "qualitative" analysis requiring subjective discretionary determinations, whereas New York's ten year look back period and tolling provisions under PL 70.04(iv)(v) only necessitates a mechanical "quantitative" finding based upon an objective numerical calculation which is governed by applying elementary arithmetic to official certified state government records. Further, as to the provision in PL 70.04 (ii), the "sentence upon [a] prior conviction must have been imposed before commission of the present felony" it merely entails inspecting certified certificates of dispositions which unambiguously indicate the dates of defendant's prior convictions.
Moreover, the Supreme Court in Erlinger acknowledged that its holding was narrow in scope with the following language: "While recognizing [petitioner] was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, we decide no more than that" (emphasis added), supra at 835; Thus, it is apparent that the decision in Erlinger applied to a specific finding under a particular federal statute that has no relevance to the instant matter (see also, State v. Porter, 2024 WL 4052187 at *2 (Ariz. Ct. of App, September 5, 2024(unreported) (construing Erlinger to hold only that the defendant "was entitled to have jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, [but] . . . no more than that"); State v. Anderson, 31 Wash. App2d 668, 552 P3d 803,811 (2024) ("Erlinger's holding is limited to resolving ACCA's occasions inquiry . . . "); People v. Lark, 2024 WL 4523469 at *11 (Cal. App2d Dist., Oct. 18, 2024)).
In New York, although there is no appellate authority which directly addresses Erlinger, after Apprendi, the New York Court of Appeals has confronted and rejected constitutional challenges to its persistent violent felony offender statutory scheme (see People v. Bell, 15 NY3d 935 (2010), People v. Leon, 10 NY3d 122 (2008)).
Similarly, the Appellate Divisions in New York on multiple occasions have rejected Apprendi challenges to the PVFO statute (see People v. Johnson, 24 AD3d 967 (3d Dept 2005); People v. Highsmith, 21 AD3d 1037 (2nd Dept 2005); People v. Regan, 11 AD3d 640 (2nd Dept 2004); People v. Rice, 285 AD2d 617 (2nd Dept, 2001).
Significantly, on the federal level, particularly, in Washington v. Graham, WL 3197335, 2007 U.S. Dist (E.D.NY 2007), aff'd 355 Fed. Appx. 543 (2nd Cir 2009) the Court held that tolling is part of the 'fact of conviction", which falls under the exception of Apprendi. The Court reasoned that calculation of the tolling period is "readily ascertainable as a matter of public record in all but the unusual case. The dates and amount of time served are as or more closely related to the conviction [itself] than any of the other facts surrounding it . . . if the exception is to include any facts beyond the public record of conviction itself, the amount of time served would remain within the scope of permissible determinations by the sentencing judge", id at 12-15 (emphasis added); (see also, Kelly v. Lee, No. 11-CV-3903, 2014 WL 4699952 (E.D.NY Sept 22, 2014)(no clearly established federal law requires that a jury make the tolling calculation); Cruz v. Ercole, 2010 WL 4860668, 2010 U.S. Dist (S.D.NY 2010).
Finally, when determining the dates of a defendant's prior felony convictions and calculating tolling, inasmuch as both a judge and jury would be bound by the same objective contents of the official certified New York State records, requiring only a jury to perform the ministerial task of reviewing these documents would not only be an enormous waste of resources, it would not in any way assure a more just outcome (see People v. Rivera, supra).
Based upon all the forgoing, this Court declines to expand the limited holding in Erlinger and firmly agrees with other New York trial courts that the dates of defendant's prior convictions and the sentences imposed as well as the rote task of mathematical calculations required for tolling can be determined by a judge beyond a reasonable doubt, with proof of certified official records, rather than by a unanimous jury (see People v. Berry, Ind No 699/2021(Sup Ct, Queens County, May 8, 2025); People v. Jackson, 225 NYS3d 903; People v. Taylor, supra; People Rivera, supra; People v. McKinley, 85 Misc 3d 467; People v. Harnett, Ind No 71922/22 (Sup Ct., Bronx County, September 25, 2024)).
Wherefore, this Court will conduct a hearing pursuant to the procedure set forth in CPL 400.16 to determine whether under PL 70.08, defendant is a mandatory persistent violent felony [*4]offender and thereafter, sentence him accordingly.
Dated: July 8, 2025
JEFFREY ROSENBLUETH, A.S.C.J.

Footnotes

Footnote 1:The trial judge has since retired.

Footnote 2:This exception referenced in Apprendi— the fact of a prior conviction could be found by a sentencing judge, without a jury- was previously established in the case of Almendarez-Torres v. United States, 523, U.S. 224. Notably, the Court explained that recidivism "is a traditional if not the most traditional, basis for a sentencing court's increasing an offender's statement, id at 243. Although, the Erlinger Court was critical of Almendarez-Torres, notably, it did not overrule it ("No one in this case has asked us to revisit Almendarez-Torres. Nor is there need to do so today . . . It persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction'", [Erlinger, 602 U.S. at 1853-4)