■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM OREE, Appellant. [872 NYS2d 9]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 12, 2007, convicting defendant, after a jury trial, of assault in the second degree, robbery in the third degree, and escape in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The injured detective testified that he tackled defendant, who was trying to escape, and that as a result defendant caused the detective's hand and knee to strike the pavement with a force equivalent to that of a

fist hitting a wall. The detective testified that this caused pain, a deep abrasion to the middle finger of the hand resulting in bleeding, and swelling and bruising to the thumb requiring pain medication and icing for a period of a week. The detective also testified that he sustained an injury to his knee which persisted for 10 to 12 days, hampered his ability to go up and down stairs, and also required pain medication and icing. The detective was treated at the scene by an emergency medical technician, and his injuries were also described by a fellow officer who testified that blood was dripping down the detective's arm to his elbow.

This testimony established the element of physical injury beyond a reasonable doubt (*see e.g. People v Harvey*, 309 AD2d 713 [2003], *lv denied* 1 NY3d 573 [2003]). To establish that element, the People need only establish that a victim's injuries were more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]). Relatively minor injuries causing moderate, but "more than slight or trivial pain" may suffice (*see People v Chiddick*, 8 NY3d 445, 447 [2007] [fingernail injury]), as may injuries that did not lead to any medical treatment (*see People v Guidice*, 83 NY2d 630, 636 [1994]). There is no basis for disturbing the jury's finding that the statutory threshold was met.

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (*see Almendarez-Torres v United States*, 523 US 224 [1998]; *People v Leon*, 10 NY3d 122, 126 [2008], *cert denied* 554 US —, 128 S Ct 2976 [2008]). Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.