People v Scocozza (2023 NY Slip Op 06152)

People v Scocozza

2023 NY Slip Op 06152

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-05720
 (Ind. No. 984/19)

[*1]The People of the State of New York, respondent,
v
Rick Scocozza, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot of counsel; Rachel Y. Rubin on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered May 5, 2022, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
The defendant contends that his plea allocution failed to set forth every element of the crime charged. However, this contention is unpreserved for appellate review since the defendant did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Dixon, 224 AD2d 543). The exception to the preservation requirement described in People v Lopez (71 NY2d 662, 666) does not apply here because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see id.; People v Kaye, 190 AD3d 767, 768). In any event, the defendant's contention is without merit, as the allocution shows that the defendant understood the charges and made an intelligent and knowing decision to enter a plea (see People v Goldstein, 12 NY3d 295, 301).
The defendant's contention that the Supreme Court erred in issuing an order of protection at the time of sentencing is unpreserved for appellate review, as the defendant failed to object to the order of protection at sentencing or otherwise raise issues concerning the order of protection before the court (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). In any event, the defendant's contention is without merit. Contrary to the defendant's contention, "an order of protection and its terms are not a direct consequence of a guilty plea of which a defendant must be advised" (People v Sanford, 171 AD3d 1405, 1407). Moreover, contrary to the defendant's contention, the court was not required to credit the defendant with time served when fixing the expiration date of the order of protection since the court providently "exercise[d] its discretion to issue what is, in effect, a lifetime order of protection" (People v McClemore, 4 NY3d 821, 822-823).
The defendant's challenge to the procedure used to adjudicate him as a persistent violent felony offender is unpreserved for appellate review since he failed to raise any objection at [*2]sentencing (see People v Rivera, 31 AD3d 790, 791). Moreover, the defendant, as a condition of his plea of guilty, waived his right to controvert the allegations contained in the persistent violent felony offender statement filed by the People (see People v Jones, 207 AD3d 563). In any event, the defendant's contention is without merit, as the record reflects compliance with the requirements of CPL 400.15 (see id. § 400.15[2], [3]; People v Jones, 207 AD3d at 564).
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court