People v Taylor (2024 NY Slip Op 24308)

[*1]

People v Taylor

2024 NY Slip Op 24308

Decided on December 3, 2024

Supreme Court, Nassau County

Corrigan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 3, 2024
Supreme Court, Nassau County

The People of the State of New York

against
Charles Taylor, Defendant.

Ind. No. 70038-11, 1528N-2011

Charles Taylor, Pro Se
Hon. Anne T. Donnelly
District Attorney Nassau County
Mineola, New York
By: ADA David L. Glovin

Teresa K. Corrigan, J.

Mr. Taylor moved for an Order setting aside his sentence, pursuant to CPL § 440.20, or, in the alternative for a hearing, pursuant to CPL § 440.30, claiming that his sentence as a Persistent Violent Felony Offender (PVFO), pursuant to PL § 70.08, to a term of incarceration of twenty years to life, was illegal in light of the U.S. Supreme Court's recent decision in Erlinger v. United States, 144 S.Ct. 1840 (2024). The People opposed said motion.
For the reasons set forth below, the defendant's motion is denied in its entirety.
PROCEDURAL HISTORY
The defendant was convicted, on November 29, 2012, of the crimes of assault in the first degree (PL § 120.05[2]) and other related charges in connection with a knife-attack on his estranged girlfriend the year prior. He was further convicted of misdemeanor assault on the complainant's two children, when they attempted to protect their mother from the defendant.
The defendant appeared for sentencing on February 7, 2013. The People filed a predicate offender statement designating the defendant as a PVFO based on the following: 1) a December 1, 1989 conviction, upon a plea of guilty, of attempted assault in the second degree, for which the defendant was sentenced to a term of imprisonment of two-to-six years; 2) a July 24, 2990 conviction, upon a plea of guilty, of criminal possession of a weapon in the second degree, for which the defendant was sentenced to a term of imprisonment of three-and-one-half to seven [*2]years;[FN1]
and 3) the defendant's incarceration during the following periods: from December 16, 1986 to August 26, 1988; from August 6, 1990 to July 9, 2007; from May 12, 2009 to September 17, 2010; and from December 31, 2010 to January 4, 2011.
Prior to the imposition of sentence, defense counsel indicated to the Court that he wished to "go over the predicate statement with [the defendant]", where upon the defendant conferred with his attorney. (S. at 2-3). The People then recommended that the Court impose a sentence of twenty years-to-life imprisonment, the minimum authorized sentence for the defendant as a PVFO on the first-degree assault charge (a class B violent felony). Defense counsel then stated "In recognition of the fact that Mr. Taylor is a persistent violent felony offender, I recognize the Court doesn't have much discretion in what you can sentence him to. The range is from 20-to-life to 25-to-life. I would ask the Court to impose a sentence of 20-to-life." (S. at 4).
The sentencing court engaged in a further on-the-record colloquy with defense counsel, in the presence of the defendant, indicating that there had been discussion in chambers regarding the determination of the defendant's persistent violent felony offender status. (S. 6). The court continued to state "I'm sure you are aware, and I'm sure you have made your client aware, he is entitled to a hearing to contest that status . . . He is also absolutely entitled to admit to those prior violent felony offenses, thereby admitting his status as a persistent violent felony offender, and by doing so he would waive his right to a hearing to determine that issue." (S. 6-7). The court then asked defense counsel whether he had had an opportunity to speak with the defendant about his wishes in that regard, to which defense counsel responded "Yes, I have." (S. 7). Defense counsel further stated that his evaluation of the defendant's record "was that even though he has convictions going back to 1986, based on the tolling provisions he clearly is within the range of a persistent violent felony offender" and that "it's my determination that it's unequivocal that he is a persistent violent felony offender." (S. 7). Defense counsel stated that he had explained that to the defendant, shown the defendant the periods of incarceration, had explained the tolling provisions to the defendant, and that "we will waive our right to a hearing." (S. 7).
The court then directly addressed the defendant, asking the defendant "at this time is he [defense counsel] correct that you wish to waive your right to contest that assertion and admit your status as a persistent violent felony offender?" (S. 7-8). The defendant responded "Yes, your Honor." (S. 8).
The court then determined that, based on the records of the Department of Corrections or the Nassau County jail, between December 1, 1986 and July 11, 2011, a period of time of 9,001 days (or 24.66 years), "the defendant actually spent upwards of 8,000 days in jail or 22.12 years, thereby shrinking the window well within the 10-year period." (S.8). Defense counsel and the [*3]prosecutor then agreed that "those tolling provisions clearly bring the defendant within the ten-year period that's envisioned by the statute". (S.8-9). At the direction of the court, the clerk then arraigned the defendant on the persistent violent felony offender statement. (S. 9-10). The defendant admitted the information contained in the statement, and was sentenced as a persistent violent felony offender.
On direct appeal, the defendant raised a number of arguments, but failed to raise the argument that he raises herein. The Appellate Division, Second Department rejected all but one of the defendant's claims, upholding his convictions with the exception of vacating his conviction on the count of aggravated harassment in the second degree.[FN2]
See, People v. Taylor, 126 AD3d 1018 (2d Dept. 2015). After his application for leave to appeal to the New York Court of Appeals was denied (People v. Taylor, 25 NY3d 1077 [2015]), the defendant petitioned the U.S. District Court for the Eastern District of New York (EDNY) for a writ of habeas corpus. There too, the defendant failed to raise the issue he raises herein. His petition was denied in its entirety. See, Taylor v. Capra, 2018 U.S.Dist.LEXIS 231359 (EDNY 2018).
On or about March 4, 2019, the defendant filed his first motion pursuant to CPL § 440.20, claiming that his sentence was unauthorized because the 1986 predicate conviction used to determine his status as a PVFO, was not a violent felony offense, and that he was denied effective assistance of counsel due to counsel's failure to raise this issue at the time of sentence. There too, the defendant failed to raise the issue he raises herein. The court denied the motion on the ground that that predicate crime was a violent felony offense at the time that the defendant committed the offense and was convicted of the offense.[FN3]

ARGUMENT OF PARTIES
The defendant contends that his sentencing as a PVFO was illegal under the United States Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and more recently, Erlinger v. United States, 144 S.Ct. 1840 (2024). He argues that Erlinger "expanded on a doctrine which has been established in a number of closely related earlier Supreme Court decisions which held that under the Fifth and Sixth Amendments, facts which conclusively establish that a higher sentencing range for a convicted criminal offender must be found to have been proven beyond a reasonable doubt to a unanimous jury." (Def. Memo. of Law [unpaginated]). The defendant further contends that "[t]he Erlinger decision, established, that tolling determinations under New York Persistent and Predicate Violent Felony Offender [*4]Sentencing Statutes must be proven beyond reasonable doubt and found by a unanimous Jury" [sic] and that "[t]olling determinations . . . would fall outside the Almendarez-Torres 523 U.S. 224 exception permitting Judges to find only the fact of a prior conviction." (Def. Memo) (sic). The defendant argues that the use of tolling regarding his prior 1986 and 1990 convictions in order to designate him a PVFO "was a clear violation of the Defendant's Fifth and Sixth Amendment Rights that require a unanimous Jury to make the determination beyond a reasonable doubt that a defendant's past offenses were committed on separate occasions for Predicate and Persistent purposes to enhance the Defendant's sentence. Therefore, the current sentence that the Defendant is serving is illegal and should be vacated by law, and the Defendant should be resentenced as a First Time Felony Offender." (Def. Memo).
The People argue that 1) the defendant's claim is waived and procedurally barred as he did not argue the issue at sentencing and raised no objection to the predicate felony statement, thus precluding him from challenging his status as a persistent violent felony offender; 2) the defendant's argument is baseless, on the merits, as Erlinger has no application to the predicate sentencing scheme that the defendant seeks to attack; and 3) even if the sentencing court erred in making the tolling determination, the error was harmless beyond a reasonable doubt.
CONCLUSIONS OF LAW
CPL § 440.20 states in relevant part:
1. At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.
CPL § 440.30 states in relevant part:
1. (a) A . . . motion to set aside a sentence pursuant to section 440.20 of this article must be made in writing and upon reasonable notice to the people. Upon the motion, a defendant who is in a position adequately to raise more than one ground should raise every such ground upon which he or she intends to challenge the judgment or sentence. If the motion is based upon the existence or occurrence of facts, the motion papers must contain sworn allegations thereof, whether by the defendant or by another person or persons. Such sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant must state the sources of such information and the grounds of such belief. The defendant may further submit documentary evidence or information supporting or tending to support the allegations of the moving papers. The people may file with the court, and in such case must serve a copy thereof upon the defendant or his or her counsel, if any, an answer denying or admitting any or all of the allegations of the motion papers, and may further submit documentary evidence or information refuting or tending to refute such allegations. After all papers of both parties have been filed, and after all documentary evidence or information, if any, has been submitted, the court must consider the same for the purpose of ascertaining whether the motion is determinable without a hearing to resolve questions of fact.
4. Upon considering the merits of the motion, the court may deny it without conducting a hearing if:
(a) The moving papers do not allege any ground constituting legal basis for the motion; or
(b) The motion is based upon the existence or occurrence of facts and the moving papers [*5]do not contain sworn allegations substantiating or tending to substantiate all the essential facts, as required by subdivision one; or (c) An allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof; or (d) An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.
Here, the defendant's motion is based solely on his interpretation of the application of the Supreme Court's decisions in Apprendi and its progeny, including the Court's most recent decision in Erlinger. The defendant was convicted on November 29, 2012 and sentenced on February 7, 2013. Both his conviction and sentence occurred well over a decade after the Supreme Court decided Apprendi and over a decade before the Supreme Court decided Erlinger.
1. Erlinger is Not Retroactive
Under Supreme Court jurisprudence, new substantive rules of law generally apply retroactively, but new procedural rules of law, on the other hand, generally do not apply retroactively. See, Schriro v. Summerlin, 542 U.S. 348, 352-353 (2004). As the Supreme Court made clear, Erlinger does not state a new rule of U.S. Constitutional law at all. Rather, it simply reiterates the rule announced in Apprendi and the Erlinger decision "is nearly on all fours with Apprendi and Alleyne as any we might imagine." Erlinger, at 1852. As such, Erlinger is not retroactive.
Moreover, Apprendi itself was not retroactive. In United States v. Cotton, 535 U.S. 625 (2002), the defendant's conviction was on appeal at the time that Apprendi was decided. Although the defendant did not raise the constitutional argument before the trial court, he argued on appeal that Apprendi was jurisdictional and retroactive, and, thus, preservation before the lower court was not required for appellate review. The Supreme Court disagreed, holding that indictment errors, including Apprendi errors, are not jurisdictional errors.
The following month, the Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002), in which it struck down an Arizona sentencing scheme which provided that, after a defendant was convicted of first degree murder, "the trial judge, sitting alone, determines the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty." Ring, 536 U.S. at 588. In Schriro, supra, a defendant who had been convicted of murder under the same statute at issue in Ring and was also sentenced to death based on a judge's finding of aggravating factors, argued that Ring announced a new rule and was therefore retroactive to his case, which was pending before the Ninth Circuit on a habeas corpus proceeding at the time Ring was decided. The Supreme Court rejected this argument holding:
"When a decision of this Court results in a "new rule", that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances. New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him.
New rules of procedure, on the other hand, generally do not apply retroactively. They do [*6]not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding' That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished. This class of rules is extremely narrow, and 'it is unlikely that any. . . has yet to emerge."
Schriro, at 351-352 (emphasis in original) (internal citations omitted). The Court went on to hold that "Ring's holding is properly classified as procedural. Ring held that 'a sentencing judge, sitting without a jury, [may not] find an aggravating circumstance necessary for imposition of the death penalty." The Schriro Court reasoned that Ring
"rested entirely on the Sixth Amendment's jury-trial guarantee, a provision that has nothing to do with the range of conduct a State may criminalize. Instead, Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules . . . " Schriro, at 353. The Court further rejected the argument that Ring falls under the retroactivity exception for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding and held that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Id. at 355, 358.
Thus, as Appendi and Ring are not retroactive, and Erlinger is merely the latest iteration of the principles decided therein, Erlinger too does not apply retroactively to cases already final on direct review.
The defendant's case became final when the Court of Appeals denied leave to appeal in 2015. As such, Erlinger does not apply to his case and the defendant's motion should be denied.
2. The Defendant Waived His Right to Challenge the Court's Tolling Determination
The Court of Appeals has made clear that alleged Apprendi violations are not mode of proceedings errors and would require preservation to be reviewable. People v. Rosen, 96 NY2d 329, 333-334, 335 (2001) (rejecting challenge to defendant's sentence as a discretionary persistent felon). See also, People v. Kelly, 16 NY3d 803, 804 (2011) (defendant's Apprendi challenge to New York's persistent violent felony offender statute is unpreserved); People v. Finkelstein, 28 NY3d 345, 348 (2016) ("defendant never objected to his conviction or sentence on Apprendi grounds, rendering that issue unpreserved for our review."); People v. Scocozza, 221 AD3d 1027 (2d Dept. 2023) (defendant's challenge to the procedure used to adjudicate him as a persistent violent felony offender is unpreserved for appellate review since he failed to raise any objection at sentencing.); People v. Brown, 12 AD3d 378, 379 (2d Dept. 2004) (claim that enhanced sentence as persistent violent felony offender denied him a trial by jury to establish the facts of prior felony convictions is unpreserved for appellate review, as defendant failed to object to the predicate felony statement or the constitutionality of his prior convictions."); People v. Jennings, 18 AD3d 348 (1st Dept. 2005) (defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit.); People v. Phillips, 56 AD3d 1168 (4th Dept. 2008) [*7](defendant's contention that PL § 70.10 and CPL § 400.20 violate Apprendi is unpreserved for appellate review).
In People v. West, 5 NY3d 740, 741(2005), the Court of Appeals declined to reach the issue of whether a defendant could raise an Apprendi argument for the first time on a motion to set aside his sentence pursuant to CPL § 440.20, in view of the Court's holding that New York's persistent felony offender statute is constitutional. However, the Court has held that a defendant can affirmatively and knowingly relinquish his rights to challenge the legality of his sentence via a motion pursuant to CPL § 440.20. Cf., People v. Jurgins, 26 NY3d 607 (2015) (A defendant's waiver as to the legality of his sentence cannot be accomplished through silence).[FN4]

At the time of the defendant's sentencing on February 7, 2013, Apprendi and New York's preservation requirements of Apprendi challenges were over a decade old. Contrary to the argument that the defendant makes herein, at the time of sentence the defendant, through counsel, agreed with his adjudication as a PVFO, including the tolling calculation, stating inter alia "it's my determination that it's unequivocal that he is a persistent violent felony offender. I've explained that to him. I've showed him the periods of incarceration and explained the tolling provisions with him, and I am satisfied that he is a persistent violent felony offender. Therefore, we will waive our right to a hearing." (S. 7). The Court then directly addressed the defendant, stating "at this time is he [defense counsel] correct that you wish to waive your right to contest that assertion and admit to your status as a persistent violent felony offender?", to which the defendant responded "Yes, your Honor." (S. 8). 
On this record, the Court finds that the defendant affirmatively waived his rights to challenge his adjudication as a PVFO and the legality of the sentence that stemmed from that adjudication via his instant motion pursuant to CPL § 440.20.
3. Apprendi Permits Sentencing Enhancement Based on Facts Admitted by the Defendant
Even assuming arguendo that Apprendi and its progeny apply to NY's tolling provisions, Apprendi requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 244 (2005) (emphasis added); Cunningham v. California, 549 U.S. 270, 274-75 (2007) ("Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant.")(emphasis added); People v. Kozlowski, 11 NY3d 223, 250 (2008) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") quoting Apprendi, 530 U.S at 490); People v. Prindle, 29 NY3d 463 fn. 4 (2017). ("The range for [*8]persistent felony offenders in New York — the perigee and 'apogee of potential sentences that are authorized based on factual predicates obtained in compliance with the Sixth Amendment: those found by the jury, those admitted by the defendant, and findings of recidivism' (Portalatin, 624 F3d at 88) — resembles the range for offenders subject to the permissible portion of the California determinate sentencing law at issue in Cunningham [FN5]
. . ."
Although Apprendi involved the situation of a defendant taking a plea, the Supreme Court has made clear that a plea allocution is not the only avenue in which a defendant can admit the facts which constitutionally trigger an enhanced sentence. In Blakely, 542 US 296, 310 (2004), the Court stated that "nothing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial." (emphasis added); see also People v. Kozlowski, 11 NY3d at 250 (Defendant admitted the facts underlying his Apprendi claim during his trial testimony).
Here, all of the facts used by the court to adjudicate the defendant a PVFO, and subject him to enhanced sentencing, including tolling, were freely admitted by the defendant at the time of sentence. As such, there was no Apprendi violation.
4. NY Appellate Court's have found the Persistent Violent Felony Offender Statutes, including the tolling provisions, to be Constitutional under Apprendi and its progeny
In the seminal case of Apprendi v. New Jersey, 530 U.S 466 (2000), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense, based on a finding that the crime was committed as a hate crime, must be made by a jury, rather than by a judge.
Two years prior to Apprendi, the Court had decided Almendarez-Torres v. United States, 523 U.S. 224 (1998), where the Court found no constitutional bar to an enhanced sentence for the crime of illegal re-entry into the United States, pursuant to 8 U.S.C. 1326 (a), (b)(2), based on a judicial finding that the defendant had been deported "subsequent to a conviction for commission of an aggravated felony." The Court concluded "that the subsection is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist." As the Court found that statute did not define a separate crime, the Court held that "[c]onsequently, neither the statute nor the Constitution require the Government to charge the factor that it [*9]mentions, an earlier conviction in the indictment." Almendarez-Torres, 532 U.S. at 226-227.
While the Apprendi Court questioned the continued validity of Almendarez-Torres, the Apprendi Court (and every subsequent Supreme Court decision since) nonetheless chose not to overturn it, instead framing the state of the law as being "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.
Shortly after Apprendi, the Court of Appeals upheld the constitutionality of New York's discretionary persistent felony offender statutes on the grounds that the "Supreme Court has clearly established that facts regarding 'recidivism increasing the maximum penalty" need not be charged in an indictment and found by a jury. People v. Rosen, 96 NY2d 329, 335 (2001). 
Over the next several years, the Supreme Court reaffirmed both Apprendi and the Almendarez-Torres exception to Apprendi. See, Ring v. Arizona, 536 U.S. 584, (2002) (striking down an Arizona statute under which, following a first degree murder conviction "the trial judge, sitting alone, determines the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty); Blakely v. Washington, 524 U.S. 296 (2004) (striking down a Washington state law which authorized enhanced sentencing where the court found that the defendant acted with "deliberate cruelty); United States v. Booker, 543 U.S. 220, 244 (2005) (holding that Apprendi applied to the mandatory nature of the Federal Sentencing Guidelines, and, again, reaffirmed its "holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added).
The Court of Appeals subsequently upheld the constitutionality of the mandatory persistent violent felony offender statutes as falling under the Almendarez-Torres exception. People v. Leon, 10 NY3d 122 (2008).
Most recently, in Erlinger, the Supreme Court struck down the provisions of the federal Armed Career Criminal Act (ACCA) which imposed lengthy mandatory prison terms on certain defendants who had previously committed three violent felonies or serious drug offenses on "separate occasions." Erlinger, 144 S.Ct. at 1846. The Supreme Court had previously held "that ACCA's occasions 'inquiry' can require an examination of a 'range' of facts, including whether the defendant's past offenses were 'committed close in time,' whether they were committed near to or far from one another, and whether the offenses were 'similar or intertwined' in purpose and character." Citing the "fact-laden task" of an ACCA occasions inquiry, the Erlinger Court held that the Constitution required that such a determination must be made by a unanimous jury beyond a reasonable doubt or freely admitted by the defendant. Erlinger, 144 S.Ct. at 1851. The Court further observed that Erlinger was not new law, but rather, was "as nearly on all fours with Apprendi and Alleyne [FN6]
as any we might imagine." Erlinger, 144 S.Ct. at 1852. Faced with renewed calls to overrule Almendarez-Torres, the Erlinger Court, once again, declined to do so, holding only that the separate occasions inquiry before it fell outside of the [*10]exception.
The issue now being raised post-Erlinger is whether NY's tolling provisions contained in PL §§ 70.04 (1)(b)(iv)-(v) and 70.06(1)(b)(iv)-(v), and incorporated by reference into §70.08 (the mandatory persistent violent offender statute), violate the Sixth Amendment by authorizing a judge, rather than a jury, to determine whether a defendant's convictions were imposed not more than ten years before commission of the felony for which the defendant is being sentenced, which calculation includes the exclusion of any period of time during which the defendant was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony.
As Erlinger is not new law, and does not speak to tolling, it does not overrule New York precedent applying Apprendi and its progeny to our mandatory persistent violent felony offender statutes. Despite decades of statements by the Supreme Court that it may, at one point in the future, overturn Almendarez-Torres, to date, it has not done so.
As the Court of Appeals has made clear, "[t]he Supreme Court has held that a judge (as opposed to a jury) may find the fact of a defendant's prior conviction without violating the Sixth Amendment. . .We are bound by this holding, which the Supreme Court has repeatedly reaffirmed." Rivera, 5 NY3d at 67, citing Almendarez-Torres, supra at 226-227; Apprendi, 530 U.S. at 487-490; Blakely, 542 U.S. at 301; and Booker, 543 U.S. at 244. The Court of Appeals opined that "[a]lthough a majority of the present Justices of the Supreme Court have expressed disagreement with Almendarez-Torres", the Supreme Court has "obvious prerogative to overrule its own decisions and we therefore follow Almendarez-Torres until the Supreme Court rules otherwise." Rivera, 5 NY3d at 67.
Accordingly, this Court remains bound by the precedents set by the New York appellate courts interpreting the Almendarez-Torres exception.
The Court of Appeals has repeatedly upheld the constitutionality of the mandatory persistent violent felony offender statutes at issue here, which contain a tolling provision. See, People v. Leon, 10 NY3d 122 (2008); People v. Bell, 15 NY3d 935 (2010); People v. Frazier, 16 NY3d 36 (2010); People v. Porto, 16 NY3d 93 (2010); People v. Giles, 24 NY3d 1066 (2014) (reaffirming the constitutionality of the discretionary persistent felony offender statutes by citing inter alia Bell, supra).
In Leon, the seminal case upholding the constitutionality of the mandatory persistent violent felony offender statute post-Apprendi, the Court of Appeals cited with approval the proposition that under the fact of conviction exception "a sentencing judge's ability to determine whether a defendant has a prior conviction extends to the 'who, what, when and where' of a prior conviction" and that "[c]ommon sense dictates that [certain] facts [pertaining to a prior conviction] are 'so basic as to be implicit in the fact of a prior conviction.'" 10 NY3d at 126 (internal citations omitted). Leon itself was a tolling case. Although the issue of tolling may not have been squarely before the Court, the Court was certainly aware of it. The conviction Leon was challenging arose out of an incident that occurred in 2004. The Court of Appeals specifically highlighted that fact that Leon had been adjudicated "a persistent violent felony offender upon a finding that defendant had previously been convicted of two violent felonies — both first-degree manslaughter - in 1976 and 1983", clearly outside of the ten year window unless tolled under the statute. Leon, 10 NY3d at 124.
Rejecting the defendant's Apprendi claim, the Leon Court relied on its own precedent upholding the discretionary persistent felony offender statutes. See, Rivera, 5 NY3d 61, (in [*11]which the Court reaffirmed its seminal case of Rosen after the Supreme Court decided Blakely). The Court also specifically cited federal cases for the proposition that "[c]ommon sense dictates that these facts are 'so basic as to be implicit in the fact of a prior conviction'"(U.S. v. Johnson, 440 F.3d 832, 848 [6th Cir. 2006]; U.S. v. Thompson, 421 F.3d 278, 284 n 4 [4th Cir. 2005] [same]; and that a sentencing judge's ability to determine whether a defendant has a prior conviction extends to the ''who, what, when, and where' of a prior conviction."] quoting United States v. Santiago, 268 F.3d 151, 156 [2d Cir. 2001] [ (emphasis added).
Two years later, in Bell, 15 NY3d 935, the Court of Appeals rejected the defendant's argument "that the procedure called for by CPL 400.15 [second violent felony offender] and 400.16 [persistent violent felony offender] deprives him of his constitutional right to trial by jury". The Bell Court "decline[d] defendant's invitation" to hold hat the New York Constitution is broader in this respect than the jury trial right protected by the Sixth Amendment to the U.S. Constitution, holding instead that the procedures contained in CPL 400.15 and 400.16(2) pass constitutional muster under Apprendi and its progeny. Bell, 15 NY3d at 936. Thus, the Court of Appeals again upheld the constitutionality of the procedure called for by CPL § 400.15 and 400.16, which specifically includes fact finding by the court regarding tolling.
Decided the same day as Bell, in People v. Frazier, 16 NY3d 36, 42 (2010), the Court of Appeals again held that "Defendant's argument that the persistent violent felony offender sentencing scheme is unconstitutional fails under our line of precedent following Almendarez-Torres v. United States (523 US 224)".
Yet again, in People v. Porto, 16 NY3d 93, 102 (2010), the Court of Appeals held that the defendant's "Apprendi challenge to New York's mandatory persistent violent felony offender statutes [is] meritless." Although the decision itself does not specify the exact nature of the Apprendi challenge, the defendant's appellate brief makes clear that he argued that judicial fact finding of "two sequential violent felony convictions", the "requirement that sentence for the prior conviction must have been imposed not more than ten years before the instant felony convictions (§ 70.04 ((1)(b)(iv)), and tolling provisions for the ten-year rule (§70.04(1)(b)(v))", ran afoul of Apprendi. See, Brief of Defendant-Appellant, dated May 2010. The Court of Appeals rejected those arguments.
Moreover, intermediate appellate courts, and federal courts reviewing New York state convictions, have been squarely presented with the argument that judicial fact-finding of tolling is unconstitutional under Apprendi, and they have repeatedly REJECTED that argument.
People v. O'Garra, 16 AD3d 251 (1
st Dept. 2005).
In O'Garra, the defendant was adjudicated a persistent violent felony offender based on two prior convictions from 1985 and 1981, the latter of which qualified as a violent predicate offense only due to "his lengthy periods of incarceration" which extended the 10-year statutory period to include the 1981 conviction." People v. O'Garra, 195 Misc 2d. 248, 251 (S.Ct. Brx Co. 2003). On appeal, the First Department held that "Defendant's constitutional challenge to the procedure under which he was sentenced as persistent violent felony offender is without merit. Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his criminal record, and not by any facts requiring submission to a jury." O'Garra, 16 AD3d 251, 252 (1st Dept. 2005) (emphasis added), (citing Almendarez-Torres) lv denied, 5 NY3d 766 (2005), cert. denied, 546 US 1005 (2005).
People v. Washington, 26 AD3d 400 (2d Dept. 2006), lv denied, 6 NY3d 854 (2006).
Similarly, in Washington, the defendant was sentenced as a persistent violent felony offender based on tolling. See, Washington v. Graham, 2007 U.S.Dist.LEXIS 79598 (EDNY 2007). The Second Department held that "the defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial pursuant to Apprendi . . .is unpreserved for appellate review, and, in any event, is without merit."
"In the Appellate Division and [in his habeas petition], petitioner has attacked the constitutionality of the New York persistent violent felony offender statute, NY Penal Law §70.08. The statute provides for a career criminal sentencing enhancement if the trial court finds two prior violent felony convictions within the last 10 years, which 10-year period is tolled during incarceration. Petitioner contends that since the statute requires findings by the trial court rather than a jury, it violates his Sixth Amendment rights under Apprendi." Washington v. Graham, 2007 U.S.Dist.LEXIS 79598 (EDNY 2007).
The EDNY rejected Washington's arguments, finding that 1) defendant's admission of his two prior convictions was a sufficient basis for the trial court to have imposed the persistent violent felony offender enhancement; and 2) "even without the admissions, the fact of prior convictions has been excluded from those sentencing facts which a jury must determine since Almendarez-Torres."
The Court held that tolling is part of the fact of conviction and, as such, falls under the exception:
"With petitioner having admitted to his prior convictions, and with prior convictions removed from the reach of Apprendi in any event, all that remained for the trial judge to do at sentencing with regard to the enhancement was the math. And, indeed, it is the math that is the wrinkle upon which petitioner's counsel in the Appellate Division relied. Noting that petitioner's predicate violent felony convictions occurred in 1983 and 1991, petitioner argued there, and the argument is carried forward here, that the sentencing court must also have found that a toll existed by reason of his incarceration; otherwise, both convictions would be beyond the ten years that the statute requires. Petitioner contends that it is this factual finding as to the time of incarceration that violates Apprendi." (emphasis added).
The Court further noted that calculation of the tolling period is "readily ascertainable as a matter of public record in all but the unusual case. The dates and amount of time served are as or more closely related to the conviction than any of the other facts surrounding it." Washington v. Graham, supra at 12-14 (emphasis added).
The Court acknowledged that under more recent Supreme Court precedent, "the number of factual determinations that need not be determined by a jury has been reduced", but noted, that, nevertheless, "the Supreme Court continues to adhere to the prior conviction exception. If the exception is to include any facts beyond the public record of conviction itself, the amount of time served would remain within the scope of permissible determinations by the sentencing judge." Washington v. Graham, supra, at 15, aff'd Washington v. Graham, 355 335 Fed. Appx. 543 (2d Cir. 2009), (NY state courts' holding that tolling is excluded from Apprendi was not "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States.' 28 USC § 2254(d)(1). Applying that standard, we must deny relief").
People v. Cruz, 37 AD3d 209 (1st Dept. 2007) lv denied 8 NY3d 983 (2007).
Here again, the First Department held that the "[D]efendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is without merit." citing Almendarez-Torres. Although the First Department did not elaborate on the precise challenge raised to the statutory procedure, the defendant's habeas challenge again made clear that the issue raised was in fact tolling. See, Cruz v. Ercole, 2010 U.S.Dist. LEXIS 125396 (SDNY 2010). 
In recommending that the defendant's habeas petition be rejected, the Magistrate noted that to "qualify as a predicate violent felony conviction, the offense must be listed in Section 70.02(1), and the sentence for the prior conviction must have been imposed within 10 years of the date of the commission of the violent felony offense for which the defendant is to be sentenced. Id. § 70.04(1)(b)(i), (iv). This 10-year period, however, is tolled during periods of time in which the defendant was incarcerated. Id. §70.04(1)(b)(iv).(v). Petitioner here contends that, as the statute requires a judge to make findings rather than a jury, his sentence was unconstitutional under [Apprendi]." Cruz v. Ercole, 2010 U.S.Dist.LEXIS 125396 at 23.
"A state may properly rely on a defendant's prior convictions to extend a sentence beyond the prescribed statutory maximum, and the factual question of whether the defendant has previously been convicted need not be submitted to a jury." Id; see also Brown v. Greiner, 409 F.3d 523, 534 (2d Cir. 2005) (finding, under AEDPA, that it was not unreasonable for the state court to have concluded that the 'judicial finding of at least two predicate felony convictions comported with the dictates of Apprendi', given that a determination of prior felony convictions 'clearly falls within Apprendi's 'fact of a prior conviction exception'")." "The fact that the trial court necessarily conducted a tolling analysis in making its sentencing determination does not dictate a contrary result." Id. (emphasis added), adopted by Cruz v. Ercole, 2010 U.S.Dist.LEXIS 125389 (SDNY 2010).
People v. Adelman, 36 AD3d 926 (2d Dept. 2007)
In Adelman, the defendant was convicted of a burglary committed on January 31, 2002. He was sentenced as a persistent violent felony offender pursuant to PL § 70.08 based on two prior robbery convictions: 1) defendant pled guilty to first degree robbery in 1981; and 2) he again pled guilty to first-degree robbery in 1988. The trial judge concluded that these two prior felony convictions formed the requisite predicate violent felony convictions under § 70.08 (which finding necessarily involved tolling) and sentenced the defendant as a persistent violent felony offender to a prison term of 18 years to life. See, Adelman v. Ercole, 2010 U.S. Dist. LEXIS 82055 (EDNY 2010). Thus, while Adelman does not identify itself as a "tolling" case, it is in fact a "tolling" case.
In addressing Adelman's habeas petition, the EDNY — which listed the dates of Adelman's prior convictions, and thus, was clearly aware that they fell outside of a straight ten year period from the commission of Adelman's commission of the case before it — held that "[b]ecause Apprendi 'expressly requires submission to a jury of any fact that permits an increase in the maximum penalty for a crime 'other than the fact of a prior conviction'" Boutte, 2008 U.S.Dist LEXIS 59052, 2008 WL 3166696 at 3 (citing Apprendi, 530 U.S. at 490) (emphasis in Boutte), no Apprendi violation occurs, whereas here, a defendant receives an enhanced sentence [*12]under § 70.08 based solely on the fact that he has two prior violent felony convictions. See id. ("district courts in this circuit have routinely rejected . . . challenges to § 70.08 based on Apprendi") (quoting Francishcelli v. Potter, 2007 U.S. Dist. LEXIS 19242, 2007 WL 776760, at 9 [EDNY Mar. 12, 2007] (collecting cases)". Adelman v. Ercole, 36 AD3d at 13.
Neil v. Walsh, 2008 U.S. Dist.LEXIS 124781 (SDNY 2008)
Defendant Neil was convicted of rape and other related charges and sentenced as a persistent violent felony offender to an aggregate term of 75 years to life. On appeal, the First Department upheld the defendant's conviction, holding, in relevant part, that "Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit. Defendant's mandatory sentence as a persistent violent felony offender was based entirely on his prior convictions." People v. Neil, 30 AD3d 308 (1st Dept. 2006). On his collateral appeal, the federal magistrate recommended that Neil's habeas petition be denied, finding, in relevant part, that the provisions of PL §§ 70.08 and 70.04, including the tolling provision, "is substantively no different than simply consulting such documents as a defendant's rap sheet or prior judgments of conviction to determine his criminal history.", Report and Recommendation adopted at Neil v. Walsh, 2009 U.S.Dist.LEXIS 11817 (SDNY 2008), denying habeas petition.
People v. Oree, 58 AD3d 473 (1st Dept. 2011), lv denied 12 NY3d 819 (2009)
In People v. Oree, 58 AD3d 473 (1st Dept. 2011), the defendant was convicted of a crime committed in 2006 and adjudicated a persistent violent felony offender based on prior convictions from 1990 and 1998 (see, Oree v. Conway, 2011 U.S.Dist.LEXIS 20400 [SDNY 2011]), which finding necessarily included a tolling determination by the court. The First Department again found that "[t]he procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional." citing Almendarez-Torres, and Leon, supra.
On collateral appeal, Oree alleged that PL § 70.08 was unconstitutional under Apprendi because his sentence was increased by a finding of a judge rather than a jury. Oree v. Conway, 2011 U.S. Dist.LEXIS 20400 (SDNY 2011). The federal Magistrate disagreed, finding that "Penal Law § 70.08, under which Oree was found to be a persistent violent felony offender, falls within [the fact of a prior conviction] exception, i.e., the enhanced sentence is based only on his prior felony convictions. Thus, there was no Apprendi violation." A district judge later affirmed the Magistrate's finding that Oree's claim that §70.08 is unconstitutional lacks merit. Oree v. Conway, 2011 U.S.Dist.LEXIS 73204 (SDNY 2011).
People v. May, 138 AD3d 1024 (2d Dept. 2016)
In People v. May, 138 AD3d 1024 (2d Dept. 2016), the defendant was convicted of a crime which occurred in October 2007, and sentenced as a persistent violent felony offender based on two prior violent felony convictions from 1986 and 1996, clearly more than 10 straight years prior. See, May v. Griffin, 2021 U.S. Dist. LEXIS 226978 (SDNY 2021). The Second Department found, inter alia, that the "defendant's contentions, raised in his pro se supplemental [*13]brief, regarding his sentencing as a persistent violent felony offender . . .are without merit." People v. May, 138 AD at 1027. See also, May v. Griffin, 2021 U.S. Dist. LEXIS 226978 (SDNY 2021) (Clearly aware of the tolling provisions under which May qualified as a persistent violent felony offender, the SDNY found that under § 70.08, "a trial judge need not 'find any additional facts beyond the petitioner's previous convictions' when sentencing a convicted individual as a persistent violent felony offender" and held that "sentences imposed pursuant to the New York persistent violent felony offender statute [emphasis in original] have been uniformly held to comply with Apprendi." Citing Mack, supra; Hernandez v. Williams, 2013 U.S. Dist. LEXIS 138641 (Sept. 26, 2013) (collecting cases) ("the federal district courts addressing this issue have unanimously concluded that the New York persistent violent felony offender statute is constitutional."); Long, 335 F.Supp.2d at 465 (" § 70.08 is squarely within the narrow exception announced in Apprendi encompassing judicial fact-finding based solely on prior convictions.")).
New York trial courts cannot forecast the future and predict how the U.S. Supreme Court will ultimately rule on tolling or whether the Supreme Court will ultimately expand Apprendi by eliminating the Almendarez-Torres exception. To date, however, the Supreme Court has declined to overrule Almendarez-Torres, and the fact of a prior conviction remains an exception to Apprendi. While the New York Legislature may ultimately seek to get ahead of any such looming decision, trial courts at this moment in time are bound by the precedents of our appellate courts on the issue.
Given the long history of NY courts upholding the persistent violent felony offender sentencing scheme in cases where the sentencing court has made a tolling determination as part of its adjudication, coupled with the fact that Erlinger does NOT clearly overrule New York precedent on this issue, trial courts in this state remain bound by NY appellate precedent on this issue.
5. Even if there was Error, it was Harmless
It has long been settled that Apprendi violations are subject to harmless error review. See, Washington v. Recuenco, 548 US 212, 220-221 (2006) (finding an Apprendi/Blakely error subject to harmless error review); People v. Kozlowski, 11 NY3d 223, 250 (2008), ("Apprendi violations are subject to harmless-error review"). citing Washington v. Recuenco, supra.)
Although the majority opinion in Erlinger did not address the issue, Justice Roberts wrote a concurring opinion solely to address the fact that harmless error applies to Apprendi violations:
"I join the opinion of the Court because I agree that under the Fifth and Sixth Amendments, a defendant is entitled to have a jury determine beyond a reasonable doubt whether his predicate offenses were committed on different occasions for purposes of the Armed Career Criminal Act. But as JUSTICE KAVANAUGH explains, violations of that right are subject to harmless error review. See post, at 859-61 (dissenting opinion). The Seventh Circuit should thus consider on remand the Government's contention that the error here was harmless."
144 S.Ct at 1860-61 (Roberts, J. concurring opinion).
Additionally, Justice Kavanaugh, in his Erlinger dissent noted that "[t]his Court has long ruled that most constitutional errors, including Sixth Amendment errors, 'can be harmless.'" citing Washington v. Recuenco, 548 U.S. 212, 218 (2006). He elaborated that the harmless-error rule would "likely ameliorate some of the short-term problems that today's decision otherwise [*14]would cause. In any case that has not become final, the relevant appellate court can apply harmless-error analysis. In most (if not all) cases, the fact that a judge rather than a jury applied ACCA's different-occasions requirement will be harmless. Whether prior felonies occurred on different occasions under ACCA is usually a straightforward question." Erlinger, 144 S.Ct. at 1866 (Kavanaugh, J., dissent); see also United States v. Saunders, 2024 U.S.App.LEXIS 26805 at 4 (2d Cir. Oct. 21, 2024) (post-Erlinger case reiterating that "Apprendi errors are subject to harmless-error analysis."); United States v. Robinson, 2024 U.S.App.LEXIS 25459 (8th Cir. Oct. 9, 2024) (same).
Unlike the federal statute at issue in Erlinger, New York's PFVO statute does not contain a "different-occasions requirement", which can involve "an analysis of a 'range' of facts, including whether the defendant's past offenses were 'committed close in time', whether they were committed near to or far from one another, and whether the offenses were 'similar or intertwined' in purpose and character." Erlinger, 144 S.Ct. at 1847, quoting Wooden v. United States, 595 U.S. 360, 369 (2022). Rather, the New York statute contains a simple mathematical calculation of whether the requisite predicate offenses occurred within ten years of the commission of the current offense, excluding from the ten year calculation "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony." PL § 70.04 (1)(b). Thus, the question under New York law is even more straightforward than that considered in Erlinger.
Here, at the time of sentencing, the People possessed certified records establishing the defendant's dates of incarceration during the relevant periods of time and provided the defendant with a PVFO statement indicating those dates. Defense counsel stated, on the record, in the presence of the defendant, that he had done the tolling calculations both before and after the defendant's conviction and that it was his "determination that it's unequivocal that [the defendant] is a persistent violent felony offender. I've explained that to [the defendant]. I've shown him the periods of incarceration and explained the tolling provisions with him, and I am satisfied that he is a persistent violent felony offender." (S. 7). The defendant, in response to an inquiry by the court, then agreed that he wished to waive his right to contest the People's assertion and to admit his status as a PVFO. (S. 8).
On this record, proof that the defendant was a PVFO within the meaning of PL § 70.04(1)(b) was overwhelming, there was no significant probability that a jury would have found otherwise (see, People v. Crimmins, 36 NY2d 230, 243 [1975]), and the fact that a judge, rather than a jury, did the math was harmless.
Wherefore the defendant's motion is denied in all respects.
SO ORDERED.
Dated: December 3, 2024
ENTER
Teresa K. Corrigan, AJSC

Footnotes

Footnote 1:While the People's predicate statement indicates that the 1990 prior conviction was for CPW 2, the certificate of disposition the People provided in relation to that 1990 conviction indicates that the defendant was convicted of Assault in the First (7 ½ - 15 year sentence) and Second (3 ½ - 7 year sentence) Degrees and Criminal Possession of Weapon in the Second ( 7 ½ - 15 year sentence) and Third ( 3 ½ - 7 year sentence) Degrees. The defendant acknowledges that the top count of this conviction was Assault in the First Degree. The convictions were upheld by People v. Taylor 177 AD2d 727 (2d Dept. 1991).

Footnote 2:Subsequent to the defendant's conviction, PL § 240.30(1)(a), under which the defendant was convicted of aggravated harassment in the second degree, was struck down by the Court of Appeals in People v.Golb, 23 NY3d 455 (2014) as unconstitutionally vague and overbroad.

Footnote 3:The People state alternatively that the 1986 conviction was for attempted assault in the second degree (see Affirm. at ¶ 7[stating second degree) and ¶ 19 (stating first degree). The Predicate Statement indicates that the 1986 conviction was for Attempted Assault in the Second Degree, a violent felony. The certificate of conviction indicates that the 1986 conviction was for Attempted Assault in the First Degree. The Degree of the defendant's 1986 prior crime is not at issue before this court.

Footnote 4:The People maintain that CPL § 400.15(7)(b) statutorily bars the defendant from challenging his "recidivist status" as a PVFO in a § 440.20 motion. (People at 2) That section, however, specifically states that the defendant's failure to challenge the constitutionality of a prior conviction which is used as a basis for the PVFO adjudication constitutes a waiver of that issue. The defendant here is not seeking to challenge the constitutionality of those prior convictions.

Footnote 5:In Cunningham v. California, 549 U.S. 270, 274-75 (2007), the Supreme Court reiterated that "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." The Court struck down a California statute that "adopted sentencing triads, three fixed sentences with no ranges between them" depending on whether a court found aggravating or mitigating factors by a preponderance of the evidence.

Footnote 6:In Alleyne v. United States, 570 U.S. 99 (2013), the Supreme Court held that a federal statute which imposed enhanced mandatory minimum sentences on defendants convicted of using or carrying a firearm in relation to a crime of violence, if the court found the defendant also "brandished" the firearm, violated the Constitution.