People v Figueroa (2025 NY Slip Op 51343(U))

[*1]

People v Figueroa

2025 NY Slip Op 51343(U)

Decided on August 27, 2025

Supreme Court, Kings County

Darkeh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 27, 2025
Supreme Court, Kings County

People of the State of New York

against
Rakeem Figueroa, Defendant.

Indictment No. 70242/2023

Appearing on behalf of the defendant: Robert Marinelli, Esq. 305 Broadway, Suite 1001, New York, NY 10007
Appearing for the People: Assistant District Attorney Lauren Fitton, Kings County District Attorney's Office, 350 Jay Street, Brooklyn, NY 11201

Abena Darkeh, J.

On July 23, 2025, the Court orally GRANTED the defendant's motion for a predicate felony hearing pursuant to CPL § 400.15 (7) but DENIED the defendant's further motion that the hearing be conducted before a jury. At the conclusion of the hearing, the Court found that the People failed to prove beyond a reasonable doubt that the defendant had the required tolling time to be adjudicated a second violent felony offender and sentenced the defendant as a first violent felony offender. This written decision sets forth the Court's analysis for the denial of the defendant's motion to have a jury determine his predicate status.
Procedural History
The defendant was found guilty on March 24, 2025, after a jury trial, of five violent felonies and the case was adjourned for sentencing. On April 28, 2025, the People moved pursuant to Article 400 of the Criminal Procedure Law (CPL) and Article 70 of the Penal Law (PL) to adjudicate the defendant a predicate felon, to wit: a second violent felony offender pursuant to PL § 70.04 premised on a May 21, 2002 conviction of the class D violent felony of Assault in the Second Degree in Kings County that the People contended was tolled 3,977 days by the defendant's intervening incarceration, including his incarceration on a 2008 federal drug case. The defendant challenged the accuracy of the tolling count and raised a further challenge to New York's statutory scheme requiring tolling to be determined by a judge and not a jury, which the defendant argued was in violation of Erlinger v United States (602 US 821 [2024]) which held a jury, not a judge, was required to be the factfinder in order to impose increased sentencing on a defendant. As the defendant raised a factual challenge to the tolling, the case was scheduled for a predicate felony hearing on consent pursuant to CPL §§ 400.15 (5), (6) to commence on July 2, 2025. On July 1, 2025, the People served and filed supporting paperwork in advance of the predicate felony hearing, along with a letter stating the People's opposition to the defendant's [*2]Erlinger claims.[FN1]
In a response dated July 2, 2025, the defendant again challenged both the tolling calculation and the Court's authority, post-Erlinger, to conduct the predicate hearing without a jury.[FN2]
The case was thereafter adjourned to July 23, 2025, for a response from the New York State Attorney General, if any, and for the predicate felony hearing.[FN3]
On July 23, 2025, the Court conducted the predicate hearing, and sitting as the factfinder, determined that the People had failed to carry their burden to establish the defendant was a second violent felony offender.[FN4]
 The defendant was thereafter sentenced as a first violent felony offender.
Discussion and Analysis
The defendant, relying upon the Supreme Court's decision in Erlinger v United States, supra, moved to be sentenced as a first violent felony offender, arguing that pursuant to Erlinger, a jury, rather than a judge, must determine the defendant's predicate felony offender status and the tolling periods under PL § 70.04 (1) (b) (v).[FN5]

Although the People consented to the predicate hearing, they argued that Erlinger did not establish a new constitutional rule, and therefore did not affect the constitutionality of New York's predicate felony offender sentencing scheme. Thus, they argued that the defendant could still be adjudicated a second violent felony offender by the Court after a hearing pursuant to CPL § 400.15 without the need for a jury trial.
Having heard the arguments, read the submissions of the parties and reviewed the relevant case law, the Court found that although the defendant was entitled to a hearing on the tolling issue, the United States Supreme Court did not issue a new constitutional rule in Erlinger requiring a jury to make the tolling determination, but rather, issued a narrow decision limited to the application of existing precedent to a specific federal statute, namely: 18 USCS § 924(e)(1) the Armed Career Criminal Act (ACCA). See Erlinger, supra.
Following the Supreme Court's decision in Erlinger, several trial courts analyzed the impact of Erlinger on New York's predicate felony offender sentencing scheme as applicable to the tolling determination. The earliest published decisions of People v Lopez (85 Misc 3d 171 [Sup Ct, NY County 2024]) and People v Banks (85 Misc 3d 423 [Sup Ct, NY County 2024]) found that all tolling challenges raised in this context represented a fact situation contemplated by Erlinger and therefore, had to be determined by a jury.[FN6]
As CPL § 400.15 requires a judge, and not a jury, to determine whether or not the People have met their burden beyond a reasonable doubt that a defendant is subject to enhanced sentencing based on a "tolling" challenge, and, as there is no statutory authority for a judge to order a jury to determine the issue, they both held that the only recourse was to sentence a defendant as a first felony offender.
Numerous courts have now reached the opposite conclusion with which this Court agrees. See, People v Taylor, 2024 NY Slip Op 24308, *10 (Sup Ct, Nassau County 2024), (holding that "[a]s Erlinger is not new law, and does not speak to tolling, it does not overrule New York precedent applying Apprendi and its progeny," and concluding that the judicial fact-finding of tolling pursuant to Penal Law § 70.04 (1) (b) (v) is not unconstitutional under Erlinger). People v Jackson, 2025 NY Slip Op 25010 *6 (Sup Ct, Queens County 2025) (holding that Erlinger does not require a jury trial to determine dates of incarceration or release related to prior convictions, concluding that "[t]he facts necessary to determine tolling under the New York State persistent violent felony sentencing scheme continue to fall within the Almendarez-Torres exception to Apprendi). See also, People v Vickers, 2025 NY Slip Op 25157 (Sup Ct, Bronx County 2025); People v Berry, 86 Misc 3d 1203(A) (Sup Ct, Queens County 2025); People v Lawton, 86 Misc 3d 1210(A) (Sup Ct, Kings County 2025); People v Rivera, 85 Misc 3d 1032 (Sup Ct, NY County 2024); People v McKinley, 85 Misc 3d 467, 471 (Sup Ct, NY County 2024).
As this Court found that Erlinger does not prohibit a sentencing judge from making a factual finding regarding the tolling periods under Penal Law § 70.04 (1) (b) (v), the predicate felony hearing here proceeded without a jury. To supplement this Court's oral ruling, the Court finds that Erlinger was specifically limited to addressing the qualitative and subjective findings required under the federal ACCA statute, and wholly unrelated to New York's tolling provision which has been repeatedly found constitutional by the New York Court of Appeals under both United States v Almendarez-Torres (523 US 224 [1998]) which stands for the proposition that a sentencing judge could impose an enhanced sentence based on the fact of a prior conviction that did not relate to the commission of the offense itself, and Apprendi v New Jersey (530 US 466 [2000]) which struck down a New Jersey state statute that authorized an increase in the maximum prison sentence if a sentencing judge found by a preponderance of the evidence that a defendant's motivation for committing a crime was based on a racial bias. The Erlinger Court exasperatingly pointed out that its holding in Erlinger was based on a principle that had long been established in Apprendi v New Jersey, 530 US 466 (2000), which it described as "a by-now familiar reason: [o]nly a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" Erlinger at 833, quoting Apprendi at 490 (emphasis added). The New York Court of Appeals has consistently upheld the constitutionality of New [*3]York's predicate felony offender sentencing procedures pursuant to Article 400 of the CPL under both Apprendi and Almendarez-Torres. See, People v Leon, 10 NY3d 122, 126 (2008) (denying Apprendi challenge; finding that the "who, what, when and where" of a prior conviction were so basic as to be "implicit" and wholly within the ability of a sentencing judge); People v Bell, 15 NY3d 935, 936 (2010) (denying Almendarez-Torres challenge). Subsequently, in People v Prindle, the Court held that the construction of New York's persistent felony offender statute falls squarely within the exception afforded by Almendarez-Torres, and "thus outside the scope of the Apprendi rule because it exposes defendants to an enhanced sentencing range" based on prior felony convictions. Prindle, 29 NY3d 463, 465, (2017). Ergo, as Erlinger left both Apprendi and Almendarez-Torres undisturbed, it therefore follows that New York's predicate felony offender scheme remains constitutional based on the myriad challenges that have been denied by the New York Court of Appeals since Apprendi was decided twenty-five years ago.[FN7]
As such, this Court is bound by Court of Appeals precedent.
Accordingly, the Court finds Erlinger does not apply to the tolling provisions of Article 400 of the CPL and thus the defendant's motion for a trial by jury pursuant to Erlinger was DENIED.[FN8]

This constitutes the decision and order of the court.
Dated: August 27, 2025
Brooklyn, New York
J.S.C.

Footnotes

Footnote 1:The People's July 1, 2025 documents consisted of: (1) the 2002 Kings County Supreme Court Certificate of Disposition; (2) the April 23, 2002 Kings County Supreme Court Plea Minutes; (3) the May 21, 2002 Kings County Supreme Court Sentence Minutes; (4) the 2010 Federal Judgment; (5) the November 13, 2009 Federal Verdict Minutes; and (6) the June 7, 2010 Federal Sentence Minutes. 

Footnote 2:The defendant properly served his papers on the New York State Attorney General (AG).

Footnote 3:The defendant stated in his papers that he was only raising an as-applied challenge to PL § 70.04's use in this specific case — not a facial challenge to the statute itself and thus argued the AG's presence was not required. As of July 23, 2025, neither the Court, the People, nor the defendant had received any response from the Attorney General and the case moved forward.

Footnote 4:Immediately prior to the hearing, the People received additional certified documents related to the defendant's New York City, New York State and Federal incarceration.

Footnote 5:At both the April 28, 2025 and July 23, 2025 arraignments on the predicate statement, the defendant conceded that he was the individual subject to both convictions, he was only controverting the accuracy of the tolling calculation and the Court's authority after Erlinger to determine it without a jury.

Footnote 6:The New York County District Attorney's Office (NYDAO) had conceded the position that Erlinger applied in those cases.

Footnote 7:As of July 23, 2025, the Supreme Court had granted Certiorari and reversed thirteen cases pursuant to Erlinger, all involving the ACCA.

Footnote 8:As the People ultimately failed to prove the defendant was a second violent felony offender beyond a reasonable doubt at the hearing before this Court, the defendant was ultimately sentenced as a first-time violent felony offender, unrelated to his Erlinger challenge.